IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVONNE WALKER WILLIAMS,

 Plaintiff,

v.

VINCE & ASSOCIATES CLINICAL
RESEARCH, LLC,

 Defendant.

Case No. 20-2039-DDC-JPO

**MEMORANDUM AND ORDER**

  On January 23, 2020, pro se plaintiff Davonne Williams filed his Complaint in this case against defendant Vince & Associates Clinical Research, LLC. Doc. 1. The Complaint invokes complete diversity of citizenship under 28 U.S.C. § 1332 as its basis for this court's subject matter jurisdiction. But the Complaint fails to identify the citizenship of each member of the defendant LLC, and this deficiency prevents the court from assessing whether complete diversity exists. So, on January 29, 2020, the court issued an Order to Show Cause, directing plaintiff to show cause why the court should not dismiss his Complaint for lack of subject matter jurisdiction. Doc. 9 at 2.

  On February 6, 2020, the court granted plaintiff's motion to extend his deadline to respond to the court's show cause order. Doc. 11. The court extended the deadline until February 29, 2020, noting that plaintiff "must identify the citizenship of defendant and each of its members and establish that diversity of citizenship exists here for the court to exercise subject matter jurisdiction." *Id.* at 2 (emphasis omitted).

Now, plaintiff has moved again for an extension of time to respond to the court's Show Cause Order (Doc. 16), and requests "45 days to supplement [his] response to order to show cause of action with [the] original contract . . . ." Doc. 16 at 1. Plaintiff explains that he has not ordered a copy of his contract with defendant and needs more time to raise the funds to pay for it and receive it in the mail. Plaintiff notes that the contract "makes this a whole lot easier to figure out." *Id.* But plaintiff never explains how the contract will show the citizenship of each of defendant's members or otherwise inform the decision about subject matter jurisdiction.

The court denies plaintiff's request for an extension of time. Plaintiff has failed to show cause why the court should not dismiss the action for lack of subject matter jurisdiction under 28 U.S.C. § 1332. Specifically, plaintiff's filing fails to identify the citizenship of defendant and each of its members and establish that diversity of citizenship exists here for the court to exercise subject matter jurisdiction.

The court recognizes that plaintiff brings this action pro se. Thus, the court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, because of plaintiff's failure to (1) provide information sufficient to allege diversity jurisdiction, or (2) explain why a copy of his contract would supply the information he needs to establish diversity, the court denies his request for another extension of time. The court thus dismisses plaintiff's lawsuit without prejudice to refiling.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Extension of Time (Doc. 16) is denied.

**IT IS FURTHER ORDERD THAT** the court dismisses this case for lack of subject matter jurisdiction but without prejudice to refiling.

**IT IS SO ORDERED**.

**Dated this 20th day of March, 2020, at Kansas City, Kansas.**

                                            **s/ Daniel D. Crabtree**
                                            **Daniel D. Crabtree**
                                            **United States District Judge**